ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.
Joseph W. Denneler, Esquire
Charity A. Heidenthal, Esquire
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: 215-569-2800
Facsimile: 215-569-1606
jwdenneler@zarwin.com
caheidenthal@zarwin.com
*Attorneys for Defendant,*
*E-Title Solutions, LLC f/k/a E-Land Title Solutions, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD and MAUREEN COWLES,<br><br>                  Plaintiffs,<br><br>   v.<br><br>JONATHAN WYMAN et al.<br><br>                  Defendants. | Civil Action No.<br>2:09-CV-04880-PGS-ES<br><br>Hon. Peter G. Sheridan<br><br>(Esther Salas, U.S.M.J.)<br><br>Return Date: June 6, 2011 |

## DEFENDANT, E-TITLE SOLUTIONS, LLC F/K/A E-LAND TITLE SOLUTIONS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR FIRST AMENDED COMPLAINT

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES…………………………………………….......ii

I.      INTRODUCTION…………………………………………………....1

II.     STATEMENT OF FACTS……………………………………….…2

III.    STATEMENT OF PROCEDURAL HISTORY…………………….4

IV.    ARGUMENT………………………………………………………....5

        A.    Plaintiffs Request for Leave to File the Proposed
              Negligence Claim Against Defendant, E-Title Must
              Be Denied Due to its Futility Since the Statute Of
              Limitations Expired……………………………………….5

        B.    Plaintiffs' Proposed Amendment to Add a
              Negligence Claim Against Defendant, E-Title
              Is Not Saved by the "Relation Back" Doctrine……………10

V.      CONCLUSION………………………………………………….…17

# TABLE OF AUTHORITIES

## CASES

*Arthur v. Maersk, Inc.*,
    434 F.3d 196 (3d Cir. 2006)……………………………………….6

*Baldwin County Welcome Ctr. v. Brown*,
    466 U.S. 147 (1984)……………………………………...12, 16

*Benfield v. Mocatta Metals Corp.*,
    26 F.3d 19 (2d Cir. 1994)……………………………...12-13

*Conley v. Gibson*,
    355 U.S. 41 (1957)………………………………………...16

*Cruz v. City of Camden*,
    898 F. Supp. 1100 (D.N.J. 1995)…………………………..9

*Foman v. Davis*,
    371 U.S. 178 (1962)………………………………………6

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
    133 F.R.D. 463 (D.N.J. 1990)…………………………....7

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)………………………………7

*In re NAHC, Inc. Sec. Litig.*,
    306 F.3d 1314 (3d Cir. 2002)………………………………7

*Kansa Reinsurance Co. v. Congressional Mortgage Corp.*,
    20 F.3d 1362 (5th Cir. 1994)……………………………11-12

*Lewis v. Brown*,
    2010 U.S. Dist. LEXIS 32137 (D.N.J. Mar. 30, 2010)……..8-9, 14-15

*Lopez v. Swyer*,
    62 N.J. 267 (1973)……………………………………..……………8

*Massarsky v. General Motors Corp.*,
　　706 F.2d 111 (3d Cir. 1983), *cert. denied*, 464 U.S. 937 (1983)........6

*Patetta v. Wells Fargo Bank*, NA,
　　2009 U.S. Dist. LEXIS 82338 (D.N.J. Sept. 9, 2009).................7-8

*Percy v. San Francisco Gen. Hosp.*,
　　841 F.2d 975 (9th Cir. 1988).............................................12

*Phillips v. Borough of Keyport*,
　　179 F.R.D. 140 (D.N.J. 1998).............................................6-7

*Vispisiano v. Ashland Chemical Co.*,
　　107 N.J. 416 (1987).......................................................7-8

## **RULES & STATUTES**

Fed. R. Civ. P. 15(a)........................................................5

Fed. R. Civ. P. 15(a)(2).....................................................6

Fed. R. Civ. P. 15(c)........................................................11

Fed. R. Civ. P. 15(c)(1)(A)-(C)..............................................11

Fed. R. Civ. P. 15(c)(1)(B).............................................10-11, 15-16

Fed. R. Civ. P. 15(c)(1)(C)..................................................14

Fed. R. Civ. P. 12(b)(6)......................................................7

N.J.S.A. § 2A:14-2............................................................7

N.J. Ct. R. 4:26-4...........................................................15

## I.   INTRODUCTION

This lawsuit arises out of Plaintiffs, Richard and Maureen Cowles' ("Plaintiffs") sale of their property located at 129 West Main Street, Penns Grove, New Jersey ("Property") on April 19, 2007 to a straw purchaser in order to avoid foreclosure. Plaintiffs allege that in order to avoid losing their Property, they agreed to a Foreclosure Rescue proposal which ultimately resulted in loss of title to the Property. Plaintiffs allege that the Defendants acted in collusion by creating and participating in a "Foreclosure Rescue Scam" all for their personal financial gain, ultimately converting Plaintiffs' equity in the Property.  Defendant, E-Title Solutions, LLC f/k/a E-Land Title Solutions, LLC ("E-Title") provided only settlement services and title insurance for the sales transaction.

Currently pending before this Court is Plaintiffs' Motion for Leave to Amend their First Amended Complaint to add and dismiss certain defendants, as well as to add a new claim of negligence against Defendant, E-Title.  Defendant, E-Title submits this Brief in opposition to Plaintiffs' Motion for Leave to Amend.  Plaintiffs' Motion for Leave to Amend must be denied since the newly proposed negligence claim is futile due to the expiration of the applicable statute of limitations, which cannot be saved by the "Relation Back" Doctrine.

1

## II.   STATEMENT OF FACTS

Plaintiffs allege that around November, 2006 they were facing foreclosure on their Property due to delinquent payment to the lender, Option One. [Docket Item 29, ¶¶ 21-23]. After unsuccessfully attempting to negotiate a stay of the foreclosure with Option One, Plaintiffs received notice of a foreclosure action filed by Option One in December, 2006 and further received notice in March, 2007 of a Sheriff's Sale scheduled April, 2007. [Docket Item 29, ¶¶ 24-25]. That same month, Plaintiffs were contacted via telephone by Sean Fitzherbert ("Fitzherbert") of Equity Holdings Group, LLC ("Equity"). [Docket Item 29, ¶26]. Plaintiffs allege that unbeknownst to them, Fitzherbert was the CEO and president of both Equity and Crown Management Group Limited, LLC ("Crown"). [Docket Item 29, ¶15].

Fitzherbert offered to assist Plaintiffs with refinancing the Property. [Docket Item 29, ¶27]. When refinancing was not a viable option, Fitzherbert proposed that Plaintiffs participate in a foreclosure rescue operation which involved a "lease to buy-back" option. [Docket Item 29, ¶¶ 28-29]. In short, Plaintiffs would sell their Property to an investor, Defendant Jonathan Wyman ("Wyman"). [Docket Item 29, ¶ 29]. Plaintiffs would continue to occupy the Property under a lease/purchase agreement

2

between Wyman and Plaintiffs to take effect immediately proceeding sale, for one year. [Docket Item 29, ¶ 30]. The rent monies for the year would be escrowed at the time of the sale of the Property.  [Docket Item 29, ¶ 31]. After one year of leasing, Plaintiffs would be able to repurchase the Property for $205,000.00. [Docket Item 29, ¶ 28]. The year of rental would also give Plaintiffs time to repair their credit with the assistance of a credit repair agency. [Docket Item 29, ¶ 29]. Plaintiffs agreed to participate in Fitzherbert's proposal.

Plaintiffs sold the Property to Wyman for $205,000 on April 19, 2007 as illustrated by Deed. [Docket Item 29, ¶ 34]. The Note and Mortgage were also signed and Wyman received a loan for $205,000.00 from First Magnus to purchase the Property. [Docket Item 29, ¶ 34]. Per Plaintiffs, and as the HUD-1 for the transaction indicates, $24,000.00 was to be disbursed to Crown's escrow account for future debt servicing, i.e. to pay the monthly mortgage for a year, and $25,000.00  was to be disbursed to Equity for consulting services [Docket Item 29, ¶¶ 37, 42].  It is alleged that Defendant, E-Title's closing agent wired $48,220.79 to Equity instead of making the aforementioned disbursements as designated on the HUD-1. [Docket Item 29, ¶ 38].

Wyman's loan was then assigned to Aurora Loan Services, LLC ("Aurora"). [Docket Item 29, ¶ 44]. In January, 2008 Plaintiffs were contacted by Wyman and informed that his partner, Fitzherbert, had "stolen" the escrowed monies from Equity rather than paying the mortgage payments to Aurora as specified. [Docket Item 29, ¶ 45]. Since the mortgage went unpaid, the Property, now owned by Wyman but occupied by the Plaintiffs, was in "risk of foreclosure." [Docket Item 29, ¶ 46].

## III.   STATEMENT OF PROCEDURAL HISTORY

On September 22, 2009, Plaintiffs filed a Complaint against First Magnus Financial Corporation, Jonathan Wyman d/b/a Equity Holdings Group, LLC, Sean Fitzherbert, d/b/a Crown Management Group Limited, LLC And Crown Management Group Ltd, LLC, Your Credit Specialists Corporation, Equity Holdings Group, LLC, Crown Management Group Limited, LLC, Aurora Loan Services, LLC, and John Does 1-10. [Docket Item 1]. Plaintiffs' Complaint was based on claims of a "Foreclosure Rescue Scam," unfair or deceptive acts and practices, and conspiracy and/or aiding and abetting same. [Docket Item 1, ¶ 1]. On October 18, 2010, Plaintiffs filed a Motion for Leave to file an Amended Complaint, which was granted on November 23, 2010. [Docket Items 24 and 27]. On November 30, 2010, Plaintiffs' Amended Complaint was filed in which E-

4

Title was added as a Defendant.  The only claim alleged was an unspecific violation of the New Jersey Consumer Fraud Act (CFA). [Docket Item 29]. On December 1, 2010, Defendant, E-Title was served with the Amended Complaint. [Docket Item 30].

Subsequently, Plaintiffs filed a Motion for Leave to Amend their First Amended Complaint ("Motion") on May 3, 2011.   [Docket Item 47]. Plaintiffs seek leave to add defendants, Gary Salber, Bonnie L. Canty Law Office, P.A. and to dismiss defendants, Paul L. Pape, Joseph DiCostanzo and Frank Rizzuto. [Docket Item 47]. They also seek leave to add a count sounding in negligence against Defendant, E-Title.   [Docket Item 47]. Defendant, E-Title does not oppose Plaintiffs' request to add and dismiss the aforementioned defendants; Defendant, E-Title opposes the addition of the new, never previously articulated, cause of action for negligence on the basis of futility due to the expiration of the statute of limitations.

## IV.   ARGUMENT

### A.   Plaintiffs' Request for Leave to File the Proposed Negligence Claim Against Defendant, E-Title Must Be Denied Due to its Futility Since the Statute Of Limitations Expired

In Plaintiffs' Proposed Second Amended Complaint, Plaintiffs add a count sounding in negligence against Defendant, E-Title.  [Docket Item 47, Ex. A, Count V].  Federal Rule of Civil Procedure 15(a) allows a party leave

to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision however to grant or deny a request for leave to amend is within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962). The *Foman* decision provided the following factors for when leave to amend may be denied: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment..." *Id.* at 182. "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (*internal citations omitted*). Plaintiffs' Motion, specifically their request to add a claim for negligence against Defendant, E-Title should be denied since such amendment is futile as the new claim is barred by the statute of limitations.

"A futile amendment is one which would not withstand a motion to dismiss." *Phillips v. Borough of Keyport,* 179 F.R.D. 140, 144 (D.N.J. 1998) (*citing Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983), *cert. denied*, 464 U.S. 937 (1983)). As such if the proposed amendment is "frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Id.* "If a

6

proposed amendment is not clearly futile, then denial of leave to amend is improper." *Id.* (*internal citation omitted*). Generally, the applicable standard to determine whether an amendment is futile is whether it is "sufficiently well-grounded in fact or law" so that it demonstrates it is not a frivolous pursuit. *See id.* (*quoting Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990)). Applying the same legal sufficiency standard as that under Fed. R. Civ. P. 12(b)(6), "an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (finding "in assessing futility, the district court applies the same standard of legal sufficiency as applie[d] under Rule 12(b)(6).")

"Under New Jersey law, negligence claims are governed by a two-year statute of limitations." *Patetta v. Wells Fargo Bank*, NA, 2009 U.S. Dist. LEXIS 82338, 27 (D.N.J. Sept. 9, 2009). "Every action at all for an injury to the person caused by the wrongful act, neglect or defraud of any person within the state shall be commenced within two years next after the cause of any such action shall have accrued." N.J.S.A. § 2A:14-2. This statute does not "define or specify when a cause of action shall be deemed to

have accrued." *Vispisiano v. Ashland Chemical Co.*, 107 N.J. 416, 425 (1987). The legislature has left that determination to judicial interpretation. *Id*. Defendant acknowledges the *Patetta* court's finding that "the accrual of a cause of action for negligence may be equitably tolled under the discovery rule." *Patetta*, U.S. Dist. LEXIS 82338, 27. The discovery rule is an equitable doctrine delaying the accrual of a cause of action "until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." *Lopez v. Swyer*, 62 N.J. 267, 272 (1973). "It is plaintiff's burden to explain why he reasonably could not have discovered his cause of action in time to comply with the limitation period so as to justify the tolling of the statute of limitations." *Lewis v. Brown*, 2010 U.S. Dist. LEXIS 32137, 16 (D.N.J. Mar. 30, 2010). As the *Patetta* court emphasized in it holding, the objective element of the discovery rule, i.e. the "should know" is essential in compelling "a potential plaintiff to employ ordinary diligence in the investigation of any possible claims." *Patetta*, U.S. Dist. LEXIS 82338, 28.

In this matter, the settlement occurred on April 17, 2007, thus it is arguable that the statute of limitation expired on April 17, 2009. However, Plaintiffs alleged in their Amended Complaint that in January, 2008 they were contacted by Wyman and informed that his partner, Fitzherbert stole

the escrowed monies from Equity rather than paying the mortgage to Aurora. [Docket Item 29, ¶ 45]. In light of Plaintiffs' own averment, they had knowledge at the time of this conversation that they were injured and as such, two years from the date of this conversation, January, 2010, the statute of limitations expired.

Plaintiffs aver in their Motion that they were not aware of a possible claim against Defendant, E-Title until they subpoenaed E-Title's records and saw the actual wire transactions from the date of closing. [Docket Item 47]. This does not comport with the discovery rule. The "focus of a discovery rule inquiry should center upon an injured party's knowledge concerning the origin and existence of his injuries as related to the conduct of others." *Lewis,* 2010 U.S. Dist. LEXIS 32137, 24 (*citing Cruz v. City of Camden*, 898 F. Supp. 1100, 1113-14 (D.N.J. 1995) (*citations omitted*). "Knowledge of the exact identity of who caused the injury is not required." *Id.* This Court should apply the same finding as the *Lewis* court when the court found, "it is plaintiff's discovery of his injury, rather than the discovery of who inflicted his injury, which triggers the statute of limitations." *Id.* Based on the *Lewis* court's finding, Plaintiffs discovered they were injured the day they received a call from Wyman informing them that the monies that were escrowed to pay the Property's mortgage for the year was stolen by Fitzherbert, hence

January, 2008.  Determining who actually caused the injury is irrelevant for triggering the statute of limitations.

On May 3, 2011, over a year after the tolled statute of limitations expired, Plaintiffs seek leave of Court to amend their Complaint to add an entirely new cause of action against Defendant E-Title for negligence. The statute of limitations ran prior to Plaintiffs' filing of their Motion.  As a matter of law, Plaintiffs cannot sustain their negligence claim against Defendant, E-Title as those claims are time barred. To allow Plaintiffs leave to amend their First Amended Complaint under these circumstances would be pointless, resulting in burden and expense to the parties, as well as unnecessary waste of judicial resources.  Further, as discussed below, the new proposed cause of action for negligence cannot be saved under the "relation back" doctrine.

**B.    Plaintiffs' Proposed Amendment to Add a Negligence Claim Against Defendant, E-Title Is Not Saved by the "Relation Back" Doctrine**

Plaintiffs incorrectly claim that their proposed amendment relates back to their original Complaint pursuant to Fed. R. Civ. P. 15(c)(1)(B) "insofar as plaintiffs assert a claim that arose out of the conduct, transaction, or occurrence set out against E-Title in the original amended pleading against it." [Docket Item 47].  With respect to the relation back doctrine,

Fed. R. Civ. P. 15(c) governs whether an amendment can "relate back" to the filing date of the original complaint. The Rule provides that an amendment to a pleading relates back to the date of original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C).

"Federal Rule of Civil Procedure 15(c) is a procedural provision to allow a party to amend an operative pleading despite an applicable statute of limitations in situations where the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims." *Kansa Reinsurance Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366-67 (5th Cir. 1994). "The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected by a statute of limitations from later asserted claims

11

that arose out of the same conduct set forth in the original pleadings." *Id.* at 1367. (*internal citations omitted*). The *Kansa* court stated that the "relation back" doctrine "does not extend the limitations period, but merely recognizes that the purposes of the statute are accomplished by the filing of the initial pleading." *Id.* (*internal citations omitted*). As the court in *Kansa* found, so is true in this matter, it is implicit in the "relation back" rule that in order to amend, the party seeking to amend must have a timely pleading already on file. *Id.*

First, one needs to establish that a timely pleading was filed to begin a "relation back" analysis. Then when it is established a timely pleading is filed, there are several factors that a court should consider in determining whether a claim arose out of the same conduct, transaction, or occurrence, which include the following: (1) whether the defendant had notice of the claim that the plaintiff is now asserting, as discussed in *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150 (1984), (2) whether the plaintiff will rely on the same kind of evidence offered in support of the original claim to prove the new claim, as seen in *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988), and (3) whether unfair surprise to the defendant would result if the court allowed the amendment to relate

back, as ruled on in *Benfield v. Mocatta Metals Corp.*, 26 F.3d 19, 23 (2d Cir. 1994).

When the statute of limitations for a negligence claim expired against Defendant, E-Title, a timely pleading was not properly filed against E-Title. As such, the proposed negligence amendment does not "relate back" to the original pleading. In Plaintiffs' Complaint, filed September 22, 2009, Defendant, E-Title was not named as a defendant. The Complaint named "John Does 1-10" in the caption but did not make any further reference to these defendants. Further, Plaintiffs' Complaint referenced the settlement handled by E-Title, who was designated as a "non-party," attached the HUD-1 prepared by E-Title and further discussed the proceeds at closing of $24,000 that was to be escrowed for Plaintiffs' monthly rent payments. [Docket Item 1, ¶¶ 35-39).

Subsequently, the First Amended Complaint, filed on November 30, 2010, added E-Title as a Defendant and alleged the sole cause of action for violation of the New Jersey Consumer Fraud Act, which carriers a six (6) year statute of limitations. At the time of the filing the First Amended Complaint the statute of limitations for negligence had already expired but the statute of limitations for a CFA violation had not expired.

13

Plaintiffs now assert that the negligence claim is permissible relating back to the original Complaint. This assertion essentially avoids the fact that Defendant, E-Title was never properly notified of the original Complaint and further was not properly identified and designated under the "fictitious party" pleading rule, pursuant to Fed. R. Civ. P. 15(c)(1)(C). Had Plaintiffs attempted to add a negligence claim at the time they filed their Amended Complaint, they would have faced the same opposition for expiration of statute of limitations and failure to satisfy the "fictitious party" pleading rule.

"Under the fictitious party rule, the statute of limitations may be tolled if the plaintiff invokes the rule before the expiration of the limitations period." *Lewis*, 2010 U.S. Dist. LEXIS 32137, 16-17. (*internal citations omitted*). "New Jersey Civil Procedure Rule 4:26-4 permits a plaintiff to amend his complaint to identify the proper party, as long as a John Doe fictitious designation was included for that specific category of defendant." *Id.* at 17. (*internal citations omitted*). Under the Rule, applicable in any action, when the true name of a defendant is unknown to the plaintiff, "process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." *Id.*

14

Since Defendant, E-Title was never properly notified of the original Complaint, but a subsequent CFA claim was made within the statute of limitations properly identifying E-Title, Plaintiffs cannot circumvent the statute of limitation for negligence claiming a relation back claim. Although Plaintiffs do not address the "fictitious party" rule, it is applicable since Defendant, E-Title was not a named Defendant in the original Complaint. As the court in *Lewis* found, the same should hold true here. The plaintiff in *Lewis* included a "John Doe" in his complaint, but the fictitious party rule was inapplicable. *Id.* at 25. The *Lewis* court found that "simply pleading a John Doe, without any 'appropriate description sufficient for identification' is improper." *Id.* (*citing* N.J. Ct. R. 4:26-4). Such is the case in Plaintiffs' original Complaint. Next, the *Lewis* court found that for the plaintiff "to avail himself of the fictitious party rule, the defendant's true name must have been unknown to plaintiff." *Id.* Like the *Lewis* matter, Defendant, E-Title was known at the time the original Complaint was filed because Defendant, E-Title was referenced several times in the Complaint and further identified as a "non-party."

Furthermore, with respect Plaintiffs' reliance on Fed. R. Civ. P. 15(c)(1)(B), whether the amendment arises out of the conduct, transaction, or occurrence of the original pleading, the factors previously identified

illustrate that Defendant, E-Title did not have notice of the claim that Plaintiffs are now attempting to assert. *See Baldwin County Welcome Ctr.,* 466 U.S. at 150.  In *Baldwin*, the Supreme Court held that "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Id.* (*internal citations omitted*). The Court further provided, "Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court found that the since the initial "pleading" did not contain such notice, it was not an original pleading for purposes of invoking Rule 15(c).  *Id.*  The original pleading must give some notice of underlying facts to permit relation back.  In this matter, if the Complaint is deemed the "original pleading" for purposes of invoking  Rule 15(c), Defendant, E-Title will have been denied the notice that this two (2) year negligence statute of limitations was intended to provide in light of the fact that the original Complaint provided no notice to Defendant, E-Title. Defendant, E-Title was not a named defendant, was not properly designated as a "John Doe" and further had no means of notice.

16

## V.   CONCLUSION

For the reasons set forth above, Defendant, E-Title respectfully requests that this Court deny Plaintiffs' Motion for Leave to Amend Plaintiffs' First Amended Complaint to add a count of negligence against Defendant, E-Title.

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.


BY:   /s/    Joseph W. Denneler
JOSEPH W. DENNELER, ESQUIRE
Attorney for Defendant,
E-Title Solutions, LLC f/k/a
E-Land Title Solutions, LLC
1818 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 569-2800 – voice
(215) 569-1606 – facsimile
jwdenneler@zarwin.com– e-mail

DATED:  May 20, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached document was filed electronically with the Clerk of the District Court of New Jersey via ECF, which should then provide electronic notice of the filing of the within document to the following ECF participants on this case:

Matthew B. Weisberg, Esquire
Prochniak Weisberg, PC
7 South Morton Avenue
Morton, PA 19070

Andrew J. Borsen, Esquire
Gambourg & Borsen, LLC
2185 Lemoine Avenue
Fort Lee, NJ  07024

Richard A. Ulsamer, Esquire
Tompkins, McGuire, Wachenfeld
And Barry, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102

Patrick J. Madden, Esquire
Madden & Madden, P.A.
108 Kings Highway East
Suite 200
Post Office Box 210
Haddonfield, NJ  08033

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

BY:  /s/     Joseph W. Denneler
JOSEPH W. DENNELER, ESQUIRE
Attorney for Defendant,
E-Title Solutions, LLC f/k/a
E-Land Title Solutions, LLC
1818 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 569-2800 – voice
(215) 569-1606 – facsimile
jwdenneler@zarwin.com– e-mail

DATED:  May 20, 2011

18

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICHARD and MAUREEN
COWLES,

                    Plaintiffs,

      v.

JONATHAN WYMAN et al.

                    Defendants.

Civil Action No.
2:09-CV-04880-PGS-ES

Hon. Peter G. Sheridan

(Esther Salas, U.S.M.J.)

Return Date: June 6, 2011

## ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of Plaintiffs' Motion for Leave to Amend Plaintiffs' First Amended Complaint, and any response thereto, it is hereby ORDERED that Plaintiffs' Motion for Leave to Amend Plaintiffs' First Amended Complaint to add a count of negligence against Defendant, E-Title Solutions, LLC f/k/a E-Land Title Solutions, LLC is **DENIED**; all other amendments are **GRANTED**.

BY THE COURT:

_____

Peter G. Sheridan, J.