UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Richard and Maureen Cowles | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO.: 09-cv-4880 |
| | : | |
| Jonathan Wyman et al. | : | |
| Defendants | : | |

**PLAINTIFFS' REPLY TO DEFENDANT E-TITLE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND FIRST AMENDED COMPLAINT**

The plaintiffs, by their counsel, hereby respond in opposition to defendant E-Title's opposition to amendment of plaintiff's First Amended Complaint to add a Count of Negligence against E-Title, as follows:

**I.   FACTS**

Plaintiff filed this action in September, 2009, alleging a foreclosure rescue scam by various individual and corporate defendants in which plaintiffs' home was sold to an investor, defendant Wyman, from whom plaintiffs were to lease back the home pending financing of a repurchase loan by Wyman's employer, defendant Fitzherbert. Proceeds of the loan to Wyman of $24,000 extracted from plaintiffs' home equity and intended to pay plaintiffs' lease payments to Wyman were diverted to Fitzherbert who converted those proceeds. In August, 2010, plaintiffs served a subpoena upon defendant E-Title to determine the contents of its closing file. Based thereon, plaintiffs added E-Title as a defendant for its alleged liability in causing the theft of plaintiffs' home equity.

**II.   ARGUMENT**

The relevant statute of limitations for plaintiffs' proposed cause of action sounding in negligence for tortious loss of plaintiffs' personal property, i.e. $24,000 theft of loan funds, is 2A:14-1 which reads in full as follows:

> Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this Title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.
>
> This section shall not apply to any action for breach of any contract for sale governed by section 12A:2-725 of the New Jersey Statutes.

Defendant instead points to N.J.S.A. 2A:14-2 as bearing on plaintiff's claims when it clearly does not because personal injury to plaintiffs is not involved in their claims. N.J.S.A. 2A:14-2 reads as follows:

> **Actions for injury caused by wrongful act, appointment of guardian ad litem.**
> 2A:14-2. a. Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued; except that an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth shall be commenced prior to the minor's 13th birthday.
>
> b.   In the event that an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth is not commenced by the minor's parent or guardian prior to the minor's 12th birthday, the minor or a person 18 years of age or older designated by the minor to act on the minor's behalf may commence such an action. For this purpose, the minor or designated person may petition the court for the appointment of a guardian ad litem to act on the minor's behalf.

Clearly, no portion of this statute 2A:14-2 remotely bears upon the facts of plaintiffs' claims involving loss of personal property, i.e. money, not bodily injury.

Somehow, Defendant E-Title finds one case which supports its incorrect interpretation of 2A:14-2 to apply the two year statute of limitations to non-bodily injury cases in New Jersey, Patetta v. Wells Fargo. However the case upon which Patetta relies for this incorrect statement

of the law, Monsour v. Leviton Mfg. Co., Inc., in fact does **not** hold that any allegation of negligence, regardless of the nature of the negligence or injury claimed is limited by a two (2) statute of limitations in New Jersey. In Mansour, plaintiff Leonora Mansour, by her father and guardian ad litem, filed a products liability complaint against the alleged manufacturers and retailers of a claimed defective wok which injured the child during a cooking accident. Mansour also sued their former attorney, alleging professional negligence for alleged failure to file a cause of action for negligent infliction of emotional distress and alleged failure to advise Mansour to do so within the two-year statute of limitations under, N.J.S.A. 2A:14-2. The Mansour Court made no finding as to negligence actions involving other than bodily injury claims.

The Patetta decision involved a borrower suing his bank for money damages arising from an alleged wrongful foreclosure. Therefore, the Patetta Court's reliance on the personal injury case of Mansour on the facts of its case is baseless and confused as can clearly be seen from the court's holding:

> Under New Jersey law, negligence claims are governed by a two-year statute of limitations:
> Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person with this State shall be commenced within two years next after the cause of any such action shall have accrued. N.J.S.A. 2A:14-2(a); see also *Mansour v. Leviton Mfg. Co., Inc.*, 382 N.J.Super. 594, 596 (App. Div. 2006) (stating that a professional malpractice claim was governed by N.J.S.A. 2A:14-2); *McGrogan v. Till*, 327 N.J.Super. 595 (App. Div. 2000).

Had the Patetta Court carefully read the last cited case, Till, it would have realized the fine distinction in the language of N.J.S.A. 2A:14-2 and 2A:14-1 as did the Till court when it held that the former 2 year statute governed medical malpractice actions where professional negligence claims involve personal injury as distinguished from legal malpractice actions

3

involving money damages under the latter 6 year statute whereby the statute of limitations on negligence is six (6) years.

### III.   CONCLUSION

Plaintiffs have alleged their cause of action of negligence against defendant E-Title within five (5) years of the transaction in which E-Title tortious acts and omissions caused plaintiffs' money damages alleged herein.  Consequently, Issues of tolling not being relevant, plaintiffs do not address defendant E-Title's arguments in this regard.  Plaintiffs ask that their Motion be granted accordingly.

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esq.
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA 19070
Attorney for Plaintiffs

Dated: May 25, 2011

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 26th day of May, 2011, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendant E-Title's Opposition to Plaintiffs' Motion for Leave to Amend First Amended Complaint was served via ECF upon counsel of record and by regular U.S. mail upon other parties as follows:

Steven Bamundo, Esq.
BAMUNDO, ZWAL & SCHERMERHORN LLP
111 John Street, Suite 1100
New York, NY 10038
Attorney (not of record) for defendants Rizzuto and Lead Marketing

Paul L. Pape
17 Putters Court
Staten Island, NY 10301

Joseph D. Manno, Esq.
84 New Dorp Plaza, Suite 204
Staten Island, New York 10306
e-mail address: josephd.manno@verizon.net
Attorney (not of record) for defendant Joseph DiCostanzo

    WEISBERG LAW, P.C.
    /s/ Matthew B. Weisberg
    Matthew B. Weisberg, Esquire
    Attorneys for Plaintiff