LAW OFFICE OF GARY SALBER
681 S. Broadway, Suite 1
Post Office Box 280
Pennsville, NJ 08070
Telephone: (856) 935-1995
Facsimile: (856) 935-8508
By: Gary M. Salber, Defendant

| | |
|---|---|
| Richard and Maureen Cowles, Individually and as Husband and Wife<br>Plaintiff,<br>vs.<br><br>Jonathan Wyman d/b/a Equity Holdings Group, LLC<br>75 Kovar Street<br>Bogota, NJ 07603<br><br>Lead Marketing Corporation d/b/a Your Credit Specialists c/o Frank Rizzuto<br>10 Mulberry Circle<br>Staton Island, NY 10301<br><br>Bonnie L. Canty, Esquire<br>700 W. Hillsboro Boulevard<br>Building 1, Suite 107<br>Deerfield Beach, FL 33441<br><br>Law Office of Bonnie L. Canty, P.A.<br>700 W. Hillsboro Boulevard<br>Building 1, Suite 107<br>Deerfield Beach, FL 33441<br><br>Aurora Loan Services, LLC<br>10350 Park Meadows Drive<br>Littleton, CO 80124<br><br>E-Title Solutions, LLC f/k/a<br>E-Land Title Solutions, LLC<br>Locust Grove Design Center<br>466 Church Street<br>Hamilton, NJ 08620<br><br>Gary Salber, Esquire<br>381 S. Broadway, Suite B<br>PO Box 280<br>Pennsville, NJ 08070<br><br>Defendants. | UNITED STATE DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>(TRENTON DIVISION)<br><br>Civil Action: 09-cv-4880<br><br>ANSWER TO COMPLAINT |

Defendant, Gary Salber hereby answers Plaintiff's Second Amended Civil Action Complaint and asserts affirmative defenses, cross-claims and counter-claim against Plaintiff:

### I. Preliminary Statement

1. Defendant leaves Plaintiff to his proofs in regard to the allegations of this paragraph.

2. The Defendant denies the allegations of this paragraph.

3. The Defendant leaves Plaintiff to his proofs in regard to the assertions of this paragraph.

### II. Jurisdiction and Venue

4. The Defendant leaves Plaintiff to his proofs in regard to the statements of paragraph four.

5. The Defendant leaves Plaintiff to his proofs in regard to the statements of paragraph five.

### III Parties

6. Defendant has no reason to doubt the allegations of this paragraph.

7. Defendant has no knowledge as to Jonathan Wyman.

8. Defendant has no knowledge as to Lead Marketing Corporation.

9. Defendant has no knowledge as to the allegations of this paragraph.

10. Defendant has no knowledge as to the allegations of this paragraph.

11. Defendant has no knowledge as to Bonnie L. Canty.

12. Defendant has no knowledge as to Sean Fitzherbert.

13. Defendant has no knowledge concerning Aurora Loan Services, LLC.

14. Defendant has no knowledge as to E-Title Solutions, LLC.

15. Admitted.

16. Defendant has no knowledge as to the other defendants.

17. Defendant did not act on behalf of any other defendant.

18. Denied.

### IV Factual Allegations

19.   Defendant leaves Plaintiff to their proofs.

20.   Defendant leaves Plaintiff to their proofs.

21.   Defendant leaves Plaintiff to their proofs.

22.   Defendant leaves Plaintiff to their proofs.

23.   Defendant leaves Plaintiff to their proofs.

24.   Defendant leaves Plaintiff to their proofs.

25.   Defendant leaves Plaintiff to their proofs.

26.   Defendant leaves Plaintiff to their proofs.

27.   Defendant leaves Plaintiff to their proofs.

28.   Defendant leaves Plaintiff to their proofs.

29.   Defendant leaves Plaintiff to their proofs.

30.   Defendant leaves Plaintiff to their proofs.

28.   Defendant leaves Plaintiff to their proofs.

### Facts Regarding Defendant's YCS, Canty, and Law Office

29- 36.   Defendant has no knowledge in regard to the allegations of these paragraphs.

### Facts Regarding Defendant Salber

37.   The Defendant charged the Plaintiff's $50.00 which may or may not have been paid to review some documents in the presence of Maureen Cowles. The Defendant advised Maureen Cowles against entering into the agreement. Thereafter, the Defendant telephonically spoke to Plaintiff Richard Cowles and advised him against him entering into the transaction. Plaintiff's stated that they had no other choice.

38.   Denied.

### Facts Regarding Wyman and E-Title

39-55.   Defendant Salber has no knowledge in regard to the allegations of these paragraphs.

### V. Causes of Action

56.   Defendant repeats the answers to the paragraphs hereinabove as if set forth at length.

57. Defendant leaves Plaintiffs to their proofs in regard to the allegations of this paragraph.

58. Defendant leaves Plaintiffs to their proofs in regard to the allegations of this paragraph.

### COUNT I- Credit Repair Organizations Act. ("CROA")

59-63. Defendant has no knowledge in regard to the allegations of these paragraphs.

### COUNT II- VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

64-7. The Defendant has no knowledge in regard to the allegations of these paragraphs.

### COUNT III- Equitable Relief

72- 79. The Defendant has no knowledge in regard to the allegations of these paragraphs.

### COUNT IV-Truth-in-Lending Act/ Home Ownership and Equity Protection Act

80-85. Defendant has no knowledge as to the allegations of these paragraphs.

78-83. Defendant has no knowledge as to the allegations of these paragraphs.

### COUNT V- PROFESSIONAL NEGLIGENCE

89. This Defendant repeats the answers to the allegations set forth hereinabove as if set forth herein at length.

90. The Defendant leaves Plaintiff to their proofs in regard to the allegation of this paragraph.

91. The allegations of this paragraph are not directed at this Defendant.

92. The allegations of this paragraph are not directed at this Defendant.

93. The allegations of this paragraph are not directed at this Defendant.

94. The allegations of this paragraph are not directed at this Defendant.

95. The allegations of this paragraph are not directed at this Defendant.

96. The allegations of this paragraph are not directed at this Defendant.

97. The allegations of this paragraph are not directed at this Defendant.

98. The allegations of this paragraph are not directed at this Defendant.

99. The allegations of this paragraph are not directed at this Defendant.

100. The allegations of this paragraph are not directed at this Defendant.

101. The allegations of this paragraph are not directed at this Defendant.

102. The allegations of this paragraph are not directed at this Defendant.

103. The allegations of this paragraph are not directed at this Defendant.

104. The allegations of this paragraph are not directed at this Defendant.

105. The allegations of this paragraph are not directed at this Defendant.

106. The allegations of this paragraph are not directed at this Defendant.

107. This Defendant denies the allegations of this paragraph and asserts that he advised both Plaintiff's against entering into the arrangement with the other defendants.

108. The allegations of this paragraph are denied.

109. The allegations of this paragraph are denied.

**VI   Prayer for Relief**

**WHEREFORE,** Defendant Gary Salber demands judgment denying any and all relief sought by the Plaintiffs against him.

## CROSSCLAIM
Contribution and Indemnity

By away of crossclaim against Co-Defendants, Jonathan Wyman d/b/a Equity Holdings Group, LLC, Lead Marketing Corporation b/b/a Your Credit Specialists, Frank Rizzuto, Bonnie L. Canty, Esquire, Law Office of Bonnie L. Canty, P.A., Aurora Loan Services, LLC, and E-Title Solutions, LLC f/k/a E-Land Title Solutions, LLC, Answering Defendant hereby avers as follows:

1. The court has supplemental jurisdiction of this crossclaim under 28 U.S.C. 1367 (a) because it arises out of the same transaction and occurrence alleged in the Plaintiffs; Second Amended Complaint so as to form a part of the same case or controversy within meaning of Article III of the United States Constitution.

2.      The answering Defendant is entitled to contribution toward or indemnity from Co-Defendants, Jonathan Wyman d/b/a Equity Holdings Group, LLC, Lead Marketing Corporation d/b/a Your Credit Specialists, Frank Rizzuto, Bonnie L. Canty, Esquire, Law Office of Bonnie L. Canty, P.A., Aurora Loan Services, LLC, and E-Title Solutions, LLC f/k/a E-Land Title Solutions, LLC for any liability that may be found to exist from Answering Defendant to Plaintiffs in this action as a result of the occurrences which are made the basis of the Plaintiffs' suit.

3.      The basis for contribution and indemnity is that the Co-Defendants, Jonathan Wyman d/b/a Equity Holdings Group, LLC, Lead Marketing Corporation d/b/s Your Credit Specialists, Frank Rizzuto, Bonnie L. Canty, Esquire, Law Office of Bonnie L. Canty, P.A., Aurora Loan Services, LLC, and Solutions, LLC f/k/a E-Land Title Solutions, LLC, are wholly responsible or responsible in substantial part for the injuries or damages alleged by the Plaintiffs in their complaint.

4.      The Plaintiffs allege that the Defendants participated in a "Foreclosure Rescue Scam," directed towards Plaintiffs wherein Plaintiffs suffered damages. Plaintiffs assert causes of action under CROA, TILA, HOEPA, as well as claims for violations of the New Jersey Consumer Fraud Act, Professional Negligence and demand for Equitable Relief.

5.      In this crossclaim, Answering Defendant contends that the sole or, in the alternative, a substantial proximate cause of the Plaintiffs injuries or damages was the conduct of co-defendants,  Jonathan Wyman d/b/a Equity Holdings Group, LLC, Lead Marketing Corporation d/b/s Your Credit Specialists, Frank Rizzuto, Bonnie L. Canty, Esquire, Law Office of Bonnie L. Canty, P.A., Aurora Loan Services, LLC, and Solutions, LLC f/k/a E-Land Title Solutions, LLC, and not any act, failure to act, or conduct of Answering Defendant.

6.      Therefore, under general equitable principles and the rules of law governing this action, Answering Defendant is entitled to indemnity, or in the alternative, *to contribution* from co-defendants, Jonathan Wyman d/b/a Equity Holdings Group, LLC, Lead

Marketing Corporation d/b/s Your Credit Specialists, Frank Rizzuto, Bonnie L. Canty, Esquire, Law Office of Bonnie L. Canty, P.A., Aurora Loan Services, LLC, and Solutions, LLC f/k/a E-Land Title Solutions, LLC, for their share of the responsibility for the injuries or damages to the Plaintiffs as determined by the trier of fact.

WHEREFORE, Answering Defendant demands judgment in its favor as follows:

a. That Answering Defendant be awarded its costs of suit.

b. That if any judgment is entered in this action against Answering Defendant in favor of Plaintiffs, that Co-Defendants, Jonathan Wyman d/b/a Equity Holdings Group, LLC, Lead Marketing Corporation d/b/s Your Credit Specialists, Frank Rizzuto, Bonnie L. Canty, Esquire, Law Office of Bonnie L. Canty, P.A., Aurora Loan Services, LLC, and Solutions, LLC f/k/a E-Land Title Solutions, LLC, be held solely responsible for Plaintiffs' injuries and damages that Answering Defendant recover from and be indemnified by Co-Defendants, Jonathan Wyman d/b/a Equity Holdings Group, LLC, Lead Marketing Corporation d/b/s Your Credit Specialists, Frank Rizzuto, Bonnie L. Canty, Esquire, Law Office of Bonnie L. Canty, P.A., Aurora Loan Services, LLC, and Solutions, LLC f/k/a E-Land Title Solutions, LLC, or, in the alternative, that Answering Defendant have judgment over and against Co-Defendants, Jonathan Wyman d/b/a Equity Holdings Group, LLC, Lead Marketing Corporation d/b/s Your Credit Specialists, Frank Rizzuto, Bonnie L. Canty, Esquire, Law Office of Bonnie L. Canty, P.A., Aurora Loan Services, LLC, and Solutions, LLC f/k/a E-Land Title Solutions, LLC, for contribution according to the percentages of responsibility determined by the trier of fact.

d. For any and all other relief to which Answering Defendant may be justly entitled.

Dated 9/19/11

_____
GARY SALBER